UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL W. BROMLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON DSHS/ADSA et al.,<br><br>Defendants. | Case No. C07-1368 MJP<br><br>ORDER ON DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 19.) After reviewing the motion, Plaintiff's response (Dkt. No. 26), Defendants' reply (Dkt. No. 28), and all papers submitted in support thereof, the Court GRANTS in part and DENIES in part for the reasons stated below.

**Background**

This litigation stems from Mr. Bromley's former employment as a social worker for the Washington State Department of Social and Health Services ("DSHS"). Plaintiff's second amended complaint ("SAC") alleges four causes of action against DSHS and individual supervisors: (1) violation of the Americans with Disabilities Act ("ADA"); (2) violation of the Washington Law Against Discrimination ("WLAD"); (3) outrage; and (4) a claim for injunctive relief. (Dkt. No. 11.)

Defendants' original motion sought dismissal of all claims. However, Defendants have withdrawn their argument that Mr. Bromley's ADA action is time-barred. (Dkt. No. 28 at 2.) Remaining for the Court to decide are: (1) whether Defendants are immune from suit for

ORDER — 1

damages under the ADA; and (2) whether this Court has jurisdiction over Plaintiff's tort claims given statutorily mandated tort claim filing requirements.

**Analysis**

1. <u>Immunity from Damages Claims Under the ADA</u>

The Ninth Circuit has held that the state and its employees are not subject to liability for damages under Title I of the ADA, <u>Walsh v. Nevada Dep't of Human Res.</u>, 471 F.3d 1033, 1037-38 (9th Cir. 2006), and that Title II of the ADA does not apply to employment actions, <u>Zimmerman v. Oregon Dep't of Justice</u>, 170 F.3d 1169, 1173-75 (9th Cir. 1999). In light of this precedent, Plaintiff's ADA claims for damages must be DISMISSED. Therefore, Plaintiff's only remaining ADA claim is the cause of action for injunctive relief. (SAC at ¶¶ 7.1-7.2.)

2. <u>Plaintiff's State Law Claims</u>

Plaintiff brings state law claims against DSHS and the individual defendants for outrage and violation of the WLAD. By statute, all tort law claims against the state or the state's officers, employees or volunteers must be filed with the risk management division sixty days before that plaintiff initiates a lawsuit. RCW 4.92.100, 4.92.110. Because Mr. Bromley has not presented his state law claims to the risk management division, this Court does not have jurisdiction over those claims and they must be DISMISSED.

Mr. Bromley argues that his claims against the individual defendants, alleging intentional violations of the WLAD and outrage, should survive because they are brought against those defendants in their individual capacities. <u>See</u> <u>Jones v. University of Washington</u>, 62 Wn. App. 653, 664 (Wash. App. Ct. 1991) ("RCW 4.92.110 applies to actions commenced against state employees in their official capacities, but not to suits against those persons in their individual capacities."). Plaintiff asserts that a state employee's intentionally tortious conduct is outside the scope of his employment for purposes of the state tort filing statute.

Relying on Washington law, this Court has previously rejected Plaintiff's argument. <u>Atkins v. The Bremerton School Dist.</u>, 393 F. Supp. 2d 1065, 1069 (W.D.Wash. 2005) (citing

ORDER — 2

Robel v. Roundup, 148 Wash. 2d 35 (2002)) (applying statutory claims filing requirements to intentional tort claims of outrage and defamation). In Atkins, the Court reasoned that, because "an employer is vicariously liable for the intentional conduct of its employees, even if it is tortious, so long as it occurs in the scope of the individual's employment," the statutory claims filing requirements also apply to intentional torts committed in the scope of a defendant's employment. Id. at 1069.

Plaintiff's complaint concerns Defendants' treatment of him at work, alleging that they refused his request for a four-days-per-week schedule (SAC ¶ 3.6) and subjected him to "greater scrutiny, discipline, correction and supervision" than others similarly situated (SAC ¶ 3.12). Plaintiff's complaint asserts that "[a]ll actions of individual defendants were done at [the] behest of DSHS" and "DSHS is vicariously liable for all actions of all individual defendants." (SAC ¶ 3.17.) In light of these allegations and the reasoning in Atkins, the Court must conclude that Mr. Bromley's state claims against the individual defendants are brought against them in their official capacities and therefore subject to the state tort filing statute.

**Conclusion**

Plaintiff's claims for damages under the ADA are hereby dismissed with prejudice, but his claim for injunctive relief survives. Because Plaintiff has not complied with statutory filing requirements, this Court does not have jurisdiction over his state law claims and they are dismissed without prejudice.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: December 17, 2008.

/s/ Marsha J. Pechman

Marsha J. Pechman

U.S. District Judge

ORDER — 3